UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BRYSON ANDREW et al.**                                                                                         **PLAINTIFFS**

**v.**                                                                                    **CIVIL ACTION NO. 3:14-CV-355-TBR**

**UNITED STATES OF AMERICA**                                                                       **DEFENDANT**

### MEMORANDUM OPINION

Before the Court is the complaint filed by Plaintiffs Bryson and Henrietta Andrew. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I.

Plaintiffs state that this is a return of forfeiture action brought pursuant to 18 U.S.C. § 983 and under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA).[1] They state that the items in question were seized on January 22, 1998, pursuant to a state search warrant executed by the Louisville police department metro narcotic units. They ask that the seized property be returned to them or to be given the full value of the jewelry and money seized.

This is not the first time Plaintiffs have sought the return of the forfeited items. Mr. Andrew, who is still incarcerated in federal prison, was convicted in 1998 of possession with intent to distribute cocaine. *See United States v. Bryson Andrew*, 3:98-CR-21-H. On December 10, 1998, the United States commenced a civil forfeiture *in rem* action concerning property seized on November 11, 1997, and January 22, 1998. *United States v. Suzuki*

---

[1] "CAFRA is codified principally at 18 U.S.C. § 983." *United States v. Wade*, 230 F. Supp. 2d 1298, 1306 n.8 (M.D. Fla. 2002).

*Motorcycle 1982*, 3:98-CV-749-R. The claimants, including Bryson and Henrietta Andrew, filed a civil claim for various items seized during those searches and at the time of Bryson's arrest. This Court returned two rings to Henrietta Andrew, $365 cash to Jane Andrew, and a 1998 Cadillac to Bryson Andrew, but found the remainder of the items subject to forfeiture. This decision was affirmed by the Sixth Circuit Court of Appeals in *United States v. Andrew*, No. 00-5052, 2000 WL 1359650 (6th Cir. Sept. 15, 2000).

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, the Court must consider whether it has jurisdiction to hear this action. "Because

2

federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts only hear cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiffs' complaint cites to *United States v. Barnhardt*, 555 F. Supp. 2d 184 (D.D.C. 2008), for the proposition that a challenge to forfeiture must be filed as a civil proceeding. However, that case concerns 18 U.S.C. § 983(e), which provides that a "person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." Here, Plaintiffs most assuredly did receive notice of the forfeiture action, as they participated in the civil forfeiture action and appealed the forfeiture to the Sixth Circuit. Thus, the Court finds that § 983 provides no jurisdictional basis for the instant action. *See Harris v. U.S. Dept. of Homeland Sec.*, No. 7:12-3291-GRA-JDA, 2013 WL 1194755 (D.S.C. Feb. 26, 2013) (finding that a plaintiff could intervene to present his innocent-owner defense if the government filed a civil forfeiture proceeding, but the district court did not have jurisdiction under § 983 to consider Plaintiff's civil case for return of seized property).

Even if the Court did have jurisdiction, the Court would have to ascertain whether the claims raised in the instant action are barred by the doctrine of *res judicata*. *See Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003) (holding that the court may raise *res judicata* issues sua sponte). The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981);

3

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. Gen'l Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (per curiam) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

Here, there is a final judgment on the merits. This Court entered a final decree of forfeiture on March 2, 2000, after a hearing on the disputed property. Claimants appealed, and the Sixth Circuit Court of Appeals affirmed on September 15, 2000.

Similarly, the instant action involves the same parties. Both Bryson and Henrietta Andrew were parties to the previous action, as was the United States. The third and fourth elements of *res judicata* are met, as well. The property which Plaintiffs seek to have returned was the subject of the Court's final Order, and there is an identity of claims. "Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionery*, 973 F.2d at 484 (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). The facts and evidence put forth in this action are identical to those put forth in the prior action.

However, Plaintiffs now cite to CAFRA in support of their claims. In *United States v. Real Prop. in Section 9*, 241 F.3d 796, 800 (6th Cir. 2001), the Sixth Circuit held that retroactive application of CAFRA was proper where there was no prejudice to either party. Here, the Court need not consider the prejudice to the United States of Plaintiffs having waited fourteen years to

4

file this action. The fact is that CAFRA became effective while Plaintiffs' civil forfeiture action was on appeal in the Sixth Circuit. Yet, the applicability of CAFRA apparently was not raised by Plaintiffs and the Sixth Circuit did not apply it in affirming this Court's forfeiture decision.

The Supreme Court has stated:

> A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised in that action*. Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.

*Federated Dep't Stores, Inc.*, 452 U.S. at 398 (citations omitted) (emphasis added).

### III.

For the foregoing reasons, Plaintiffs' claims will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
U.S. Attorney
4415.009

5